Sigmund S. Wissner-Gross
Brown Rudnick LLP
7 Times Square
New York, New York 10036
Telephone: 212-209-4930
E-Mail: swissnergross@brownudnick.com

and

Steven A. Best
Brown Rudnick
601 13th St NW #600,
Washington, DC 20005
Telephone: 202-536-1737
E-Mail: sbest@brownrudnick.com
Attorneys for Non-Party Witness Morgan D. Neff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN RE APPLICATION FOR SUBPOENA OF MORGAN NEFF, CALFRAC WELL SERVICES, LTD., <br><br> Petitioner, <br><br> v. <br><br> WILKS BROTHERS, LLC, <br><br> Respondent. | Case No. 3:21-mc-00032-TMB |

**MEMORANDUM OF LAW OF NON-PARTY WITNESS MORGAN D. NEFF IN SUPPORT OF MOTION TO QUASH, OR MODIFY, SUBPOENA**

Non-party Morgan D. Neff submits this Memorandum of Law in support of his motion to quash or, alternatively, modify the subpoena that this

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 1 of 19

Court on January 7, 2022 "authorized" to be issued and served upon Mr. Neff pursuant to the ex parte application of Calfrac Well Services, Ltd. ("Calfrac"). *See* Docket Entry 3. While Calfrac, in the proposed subpoena, seeks to depose Mr. Neff on January 20, 2022, Calfrac has not yet served the subpoena upon Mr. Neff. Nonetheless, counsel to Mr. Neff has endeavored, without success thus far, through several meet and confers (prior to and after January 7, 2022), to resolve certain disputes with Calfrac's counsel regarding the scope, procedure, and timing for Mr. Neff's proposed deposition. Some progress has been made in resolving such disputes, and on January 11, 2022, counsel to Mr. Neff provided Calfrac's counsel with a draft Stipulation and Proposed Order to fully resolve the discovery dispute, but Calfrac has not yet formally responded to the proposed Stipulation. As a result, out of an abundance of caution, Mr. Neff is filing this Motion to Quash or Modify the Subpoena in the event the parties are unable to consensually resolve their discovery dispute and enter into an agreed-upon Stipulation and Proposed Order governing the terms for the deposition. Inasmuch as the proposed subpoena seeks documents and information far beyond the limited scope of the remaining issues to be determined in the underlying Canadian Action (as defined below) that is the basis for Calfrac's application pursuant to 28 U.S.C. § 1782 and appears inconsistent with representations made to the Alberta, Canada court in seeking an Order from the Alberta court that evidence be taken outside Alberta, in the event

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 2 of 19

Case 3:21-mc-00032-TMB    Document 10-1    Filed 01/18/22    Page 2 of 19

the parties do not resolve their remaining scope and timing issues, the Court should either quash the subpoena, or direct that its scope be modified to be limited to the actual remaining issues left to be adjudicated in the Alberta proceeding and set the date for the deposition as proposed herein. The proposed subpoena would, among other deficiencies, subject Mr. Neff to an undue burden and should not be approved, in its current form, pursuant to Section 1782 and otherwise.

Mr. Neff's counsel has advised counsel for Calfrac that even if the scope issues are consensually resolved, neither Mr. Neff nor his counsel are available for a deposition on January 20, 2022. Given other professional scheduling conflicts and travel limitations that Mr. Neff's counsel have indicated to Calfrac's counsel, counsel for Mr. Neff have advised that they and the witness are not available prior to the end of April 2022, and have offered up a proposed two week window in early May 2022, when both Mr. Neff and his counsel are available for the proposed deposition. Counsel for Wilks have advised that they are also available for Mr. Neff's deposition during the first two weeks of May 2022. Thus far, Calfrac has not responded to the proposed early May 2022 deposition date. A deposition of Mr. Neff in early May 2022 would fit within the discovery schedule in the Alberta proceeding, since other depositions will be occurring in the Alberta proceeding over the next several months, including depositions being taken by Calfrac of Defendant Wilks through April 2022, and depositions of Calfrac's witnesses may

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 3 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 3 of 19

only begin to be taken in June 2022. There is no urgency that Mr. Neff's deposition be conducted on January 20, 2022 or in the near term. Mr. Neff, as noted, has proposed alternative deposition dates when he and his counsel are available for his deposition, and requests that if the subpoena is not quashed in its entirety, that it be modified as proposed herein and subject to a direction that Mr. Neff's deposition be set for a mutually convenient date during the first two weeks of May 2022.

## I.  BACKGROUND

As set forth in Calfrac's application, Calfrac has filed an Amended Statement of Claim against Wilks Brothers, LLC ("Wilks") in the Court of Queen's Bench of Alberta, Calgary (the "Canadian Action"). The underlying Canadian Action involves a claim by Calfrac that Wilks allegedly breached a confidentiality agreement that was entered into on February 21, 2018, as a result of a press release issued by Wilks (a substantial shareholder at the time in Calfrac) on May 9, 2018, and that, as a consequence, Calfrac sustained alleged damages. Mr. Neff at the time of the underlying events in 2018 was employed by Wilks. Mr. Neff believes that responsive documents relating to his role (while at Wilks) have already been produced by Wilks in the Canadian Action. Mr. Neff was also subject to questioning by Calfrac in the underlying Canadian Action regarding the issues in dispute, and his examination was conducted by Calfrac on February 15, 2019.

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 4 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 4 of 19

While Mr. Neff was employed by Wilks during the period from August 2015 through November 2019, i.e., for a period preceding and post-dating the remaining issues in dispute in the Canadian Action, he is no longer employed by Wilks and currently works as the Chief Investment Officer for the Alaska Industrial Development and Export Authority, and resides in Anchorage, Alaska. Mr Neff, however, remains subject to confidentiality restrictions in connection with his former employment with Wilks.

On February 15, 2019, while Mr. Neff was still employed by Wilks, he was questioned at length by Calfrac's counsel regarding an Affidavit he had submitted in the Canadian Action on December 6, 2018 on issues bearing on the parties' cross-motions for summary judgment. At his examination, Calfrac's counsel was able to fully question Mr. Neff on the subjects addressed in his Affidavit. A copy of the transcript of Mr. Neff's February 15, 2019 examination is attached as Exhibit A to the January 18, 2022 Declaration of Sigmund S. Wissner-Gross ("Wissner-Gross Decl.").

On May 6, 2019, the Alberta Court issued a ruling on the parties' cross-motions for summary judgment. Insofar as is relevant here, the Albert Court rejected various of Calfrac's arguments, while also holding that Wilks did breach the confidentiality agreement in two discrete respects and deferring on the issues

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 5 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 5 of 19

of "causation" and "damages" until trial. A copy of the Alberta Court's May 6, 2019 ruling is annexed as Exhibit B to the Wissner-Gross Decl.

Mr. Neff is advised that discovery is proceeding in the Canadian Action on the remaining issues of "causation" and "damages" with respect to the two discrete items that the Alberta Court held constituted a breach of the parties' confidentiality agreement. In essence, as Mr. Neff understands the parties' remaining dispute, the Alberta Court will have to decide whether the breach of these two discrete items "caused" any injury to Calfrac, and if so, what alleged "damages," if any, were sustained. Mr. Neff does not believe he has any relevant information to provide on the remaining issues to be adjudicated in the Canadian Action, but is prepared to make himself available to be deposed provided the issues identified in this Motion are first resolved by the Court or consensually by the parties.

Mr. Neff understands that Wilks vigorously disputes both "causation" and "damages." Mr. Neff further understands that the parties to the Canadian Action have agreed, pursuant to a Consent Order in the Canadian Action, to a discovery schedule of the parties (not non-parties) on the remaining limited issues to be tried that provides for depositions taken of Wilks' party witnesses to be completed by April 30, 2022, and depositions taken of Calfrac witnesses to begin no later than June 30, 2022 and be completed no later than August 31, 2022. *See* Exhibit C to the Wissner-Gross Decl. Mr. Neff is advised that Calfrac has proposed to Wilks

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 6 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 6 of 19

that certain Calfrac party witnesses be made available to be deposed in June 2022. Of note, the Consent Order provides, in part, that the depositions to be taken in the United States by Calfrac of the Wilks witnesses (who are based in Texas) shall be done by videoconference "in accordance with the laws of evidence and the Rules of Court in Alberta" and that the date of the depositions were to be set as "agreed to by counsel" with target end dates for the completion of depositions. *Id*. ¶ 1.

In Calfrac's application to the Alberta Court to compel the attendance of Wilks party witnesses and Mr. Neff at depositions, Calfrac represented to the Alberta Court that it sought to take Mr. Neff's deposition "under oath by videoconference in accordance with the laws of evidence and the Rules of Court of the Province of Alberta, Canada." *See* ¶ 1 of Exhibit D to the Wissner-Gross Decl. Calfrac further requested that an order be issued directing that Mr. Neff "bring with him to his questioning all records relevant and material to the issues raised in the pleadings in this [Alberta] action." *Id*. Calfrac further noted that it sought such testimony "for the full and proper adjudication of the remainder of the issues still in dispute." *Id*. ¶ 17. At the time of Calfrac's application to the Alberta Court, Mr. Neff was no longer employed by Wilks.

The Alberta Court ultimately issued an Order, dated October 20, 2021, permitting Calfrac to seek the assistance of an "Assisting Court" in either Texas or Alaska to facilitate Mr. Neff's deposition being taken and that Mr. Neff produce

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 7 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 7 of 19

"All records relevant and material to issues raised in the pleadings in Action No. 1801-07577, copies of which are attached." The Alberta Court Order provided that Mr. Neff's deposition be set for "January 20, 2022, or a date as set by the Assisting Court," and further provided that the "minimum notice" to be given to Mr. Neff "of the date for questioning is 20 days." *See* Exhibit E to the Wissner-Gross Decl. At the time the Alberta Court issued such Order, the only remaining issues to be litigated in the Canadian Action were the disputed limited issues of "causation" and "damages" with respect to the two discrete claimed breaches of the parties' confidentiality agreement, as set forth in the Alberta Court's May 6, 2019 "Endorsement Decision" on the parties' cross-motions for summary judgment.

Mr. Neff was not a party to the Alberta proceedings whereby Calfrac sought the Alberta Court's permission to take Mr. Neff's testimony for a second time. As a result, this motion to quash is the first opportunity that Mr. Neff has had to address the issues raised by Calfrac with respect to the scope of his proposed deposition testimony, and the timing of his deposition. As discussed herein, while Mr. Neff is prepared to make himself available on a date agreed to by all counsel to appear at a videoconference deposition as a fact witness, the scope of the discovery sought of him should be confined to the remaining issues in dispute in the Canadian Action. Mr. Neff's non-party deposition should not be permitted to

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 8 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 8 of 19

be a fishing expedition by Calfrac on subjects already covered at his prior examination or resolved by the Alberta Court in its May 6, 2019 "Endorsement Decision," nor used as vehicle for a do-over of Mr. Neff's prior examination.

Inasmuch as it appears that Calfrac will be taking depositions of the Wilks witnesses over the next several months, Mr. Neff's deposition should be set to occur after the completion of the other depositions that are scheduled to occur prior to April 30, 2022. Mr. Neff and his counsel propose that his deposition be set to occur on a mutually convenient date during the first two weeks of May 2022. As noted, Wilks' counsel has advised Mr. Neff's counsel that they are available during this period, and to date, Calfrac's counsel has not indicated that they are not available to depose Mr. Neff during this proposed period in early May 2022, though they have not formally responded to the proposed Stipulation that Mr. Neff's counsel provided to them on January 11, 2022 to resolve all pending disputes regarding Mr. Neff's deposition. A copy of the Stipulation and Proposed Order that Mr. Neff's counsel provided to Calfrac's counsel on January 11, 2022 is annexed as Exhibit E to the Wissner-Gross Decl.

In its application before this Court, Calfrac submitted a proposed subpoena that requested Mr. Neff's deposition on January 20, 2022, at Lane Powell's offices in Anchorage, Alaska, for a videoconference deposition. The proposed subpoena requested that Mr. Neff bring to the deposition "Any and all documents, including

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 9 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 9 of 19

written correspondence such as text messages, email messages and work product, related to your employment with Wilks Brothers, LLC." The Court, in its January 7, 2022 Order, authorized the service of this proposed subpoena. To date, as noted, the subpoena has not yet been served on Mr. Neff, but as discussed herein, counsel have had meet and confers prior to and after issuance of the January 7 Order, in order to resolve the parties' discovery dispute.

## II. The Parties' Meet and Confers

Mr. Neff's counsel has met and conferred several times with Calfrac's counsel, in a good faith effort to resolve their disputes over the scope and timing of Mr. Neff's deposition. Such meet and confers occurred on December 31, 2021, January 6, 2022 and January 11, 2022. *See* Wissner-Gross Decl. at ¶¶ 9, 10. As noted, on January 11, 2022, Mr. Neff's counsel provided a draft Stipulation and Proposed Order to resolve all remaining issues regarding the scope, procedure and timing for the deposition. *See* Exhibit F to the Wissner-Gross Decl.

During the meet and confers, the parties have agreed that Mr. Neff's deposition would be conducted in accordance with the laws of evidence and the Rules of Court in Alberta. Calfrac also has agreed to limit the scope of documents requested to "all records relevant and material to the remaining issues in the Court of Queen's Bench of Alberta Action No. 1801-07588," but has not yet confirmed that the issues addressed at the deposition itself will similarly be limited to the

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 10 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 10 of 19

"remaining issues in Court of Queen's Bench of Alberta Action No. 1801-07588." It is Mr. Neff's position that the proposed scope of documents sought in the subpoena by Calfrac, and presumably Calfrac's intended scope of questioning, far exceeds what Calfrac actually sought of the Alberta Court, and is facially improper and unduly burdensome since all that remains in the Canadian Action to be adjudicated are the issues of "causation" and "damages" with respect to the two discrete breaches of the confidentiality agreement as determined by the Alberta Court. All Mr. Neff has asked on the subject of scope is that Calfrac confirm via Stipulation that the scope of topics addressed at Mr. Neff's deposition mirror the limited scope of documents sought of Mr. Neff as now agreed to by Calfrac. Mr. Neff and his counsel cannot properly prepare for his deposition until they know what topics are going to be covered at the deposition. Given the fact that the Canadian Action is now limited to a narrow set of issues related to "causation" and "damages," Mr. Neff, a non-party to such Canadian Action, should not be subject to a fishing expedition second examination on matters outside the scope of the remaining issues to be adjudicated in the Canadian Action. That is a particularly acute concern here, since Mr. Neff remains subject to confidentiality limitations from his prior employment at Wilks, and is not a party to the Canadian Action.

While Mr. Neff already has been examined once in the Canadian Action, and does not believe that he has any relevant factual information to contribute to

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 11 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 11 of 19

the issue of "causation" and "damages" in the Canadian Action, and believes that his deposition should be a short one, Mr. Neff has proposed nonetheless that he be subject to a deposition up to the standard federal court limit of seven hours. As the Court is aware, under Federal Rules of Civil Procedure 30(d), a deposition is limited to one day of seven hours, unless otherwise stipulated or ordered by the Court. In the proposed subpoena submitted by Calfrac and authorized by the Court to be served, Calfrac did not request that it be permitted to depose Mr. Neff for a period beyond seven hours. Nonetheless, in the parties' meet and confers, Calfrac (thus far) has taken the position that it should not be limited to deposing Mr. Neff for seven hours, and wants to reserve the right to extend the fact deposition beyond seven hours.

## III. <u>ARGUMENT</u>

As Calfrac recognizes, the inquiry under Section 1782(a) is a two-part inquiry. First, it must be determined whether the discovery sought complies with the three prongs of the statutory test:

(i) Discovery must be sought of a person residing in the district where the application is made;

(ii) the discovery must be for use in a foreign proceeding, and

(iii) the applicant is an "interested" person.

28 U.S.C. § 1782(a).

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 12 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 12 of 19

Here, Mr. Neff does not challenge that the statutory elements of Section 1782(a) have been met. However, it is well-settled that the district court retains discretion to determine what, if any, discovery should be permitted even if the statutory criteria are satisfied. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Moreover, where, as here, the district court has granted an *ex parte* application and has authorized a subpoena to be served, it is well-settled, under the Supreme Court's *Intel* factors, that the target of the discovery has the due process right to seek to quash or seek modification of the subpoena, if, as here, the subpoena is unduly burdensome and seeks information beyond the issues that remain to be litigated in the foreign proceeding. *See id.* at 264-65. Indeed, Calfrac itself recognizes that the district court needs to weigh the discretionary *Intel* factors and to determine whether the discovery sought is "relevant" to the proceedings in the foreign tribunal. *See, e.g., In re Broadcom Corp.*, 2019 WL 4978849, at *2 (W.D. Wash. Oct. 8, 2019) ("A party seeking discovery pursuant to [Section] 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal.") (internal quotation marks and citation omitted) (cited by Calfrac). In addition, whereas here, a subpoena directed to a non-party is unduly burdensome, it must be quashed or modified. *Intel*, 542 U.S. at 265-66.

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 13 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 13 of 19

Applying these factors to the subpoena for Mr. Neff, it is apparent that documents sought of Mr. Neff, covering the four-year period of his employment by Wilks (which entailed confidential and proprietary matters other than relating to Calfrac), far exceed both the scope of what was sought in the Alberta Court by Calfrac and what the Alberta Court, based on Calfrac's representations, actually said it was seeking. Put another way, Calfrac has sought non-party discovery that is not relevant to the actual, remaining claims and defenses to be litigated in the Canadian Action. One need only compare the scope of documents sought in the Alberta proceeding of Mr. Neff, which was limited to records "relevant and material to issues raised in the pleadings in [the Canadian Action]…" and the far more expansive, blunderbuss request in the proposed subpoena submitted to this Court for "Any and all documents, including written correspondence such as text messages, email messages and work product, related to your employment [from August 2015 to November 2019] with Wilks Brothers, LLC." The only remaining issues in the Canadian Action relate to whether two discrete breaches of the February 21, 2018 confidential agreement by virtue of a May 9, 2018 Wilks press release, matters which occurred during a period of less than four months, allegedly "caused" any "damages" on the part of Calfrac in connection with its pricing related to a Calfrac note offering.

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 14 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 14 of 19

Given that Calfrac has informally agreed to limit the scope of documents sought of Mr. Neff to "all records relevant and material to the remaining issues in Court of Queen's Bench of Alberta Action No. 1801-07588," the topics at Mr. Neff's deposition should similarly be limited to the remaining issues in the Canadian Action. If Calfrac is not so limited, it will undoubtedly seek to engage in a far-flung fishing expedition at Mr. Neff's deposition on topics either already adjudicated in the Canadian Action or, even worse, beyond the scope of issues even relevant and material to the issues initially at play in the Canadian Action. Given that Mr. Neff is a non-party to the Canadian Action, the potential for abuse by Calfrac in the discovery process is particularly acute. Moreover, since Mr. Neff remains subject to confidentiality obligations to Wilks, even though he has not been employed by Wilks for over two years, Mr. Neff should be accorded every possible protection against any effort by Calfrac to use the deposition to either harass Mr. Neff or engage in a fishing expedition that would never be permitted in the underlying Canadian Action. *See Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1111 (N.D. Cal. 2018) (limiting a discovery request under 28 U.S.C. § 1782 because the request sought information that was irrelevant to the cases in the foreign country).

Finally, as set forth herein and in the Wissner-Gross Declaration, the Court should limit Mr. Neff's deposition to a period of up to seven hours, to be conducted

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 15 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 15 of 19

on a single day. Moreover, although the subpoena has not yet been served on Mr. Neff, the Court should direct that the deposition be held on a date and time agreed to by Mr. Neff and Calfrac, that also is acceptable to Wilks, during the period between May 1, 2022 and May 15, 2022. While Mr. Neff has not yet been served with the proposed subpoena, his counsel has already advised Calfrac's counsel that Mr. Neff and his counsel are not available on January 20, 2022. *See* Wissner-Gross Decl. ¶ 10. Mr. Neff's counsel, among other near term limitations, have other professional commitments that limit their ability to be in Alaska to prepare Mr. Neff and represent him at his deposition for some time. Mr. Neff's counsel has proposed in good faith a two-week period in early May 2022 that fits within the overall discovery schedule in the Canadian Action. Further, as noted, until the scope of the issues that are to be addressed at Mr. Neff's deposition is resolved, Mr. Neff cannot be prepared for his deposition, in any event. Calfrac has proposed that Mr. Neff be deposed by videoconference and that the deposition be held at the offices of Lane Powell PC, 1600 A Street, Suite 304, Anchorage, Alaska. Calfrac's proposed location for the deposition and having it by videoconference are acceptable to Mr. Neff.

In view of the foregoing, the subpoena should either be quashed, or the scope of the documents sought of Mr. Neff, at a minimum, should be limited to any documents in his possession that relate to the remaining issues to be litigated in

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 16 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 16 of 19

the Canadian Action concerning the remaining issues of "causation" and "damages." Similarly, Mr. Neff should be questioned at his deposition solely as a fact witness on any knowledge, if any, he may have on the discrete remaining issues in the Canadian Action. In addition, Calfrac should be prohibited from re-questioning Mr. Neff on any subject already covered by Calfrac at Mr. Neff's prior examination. Mr. Neff's deposition should be set to occur during the period from May 1, 2022 to May 15, 2022, for a period of no more than seven hours on one day.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Mr. Neff respectfully requests that the subpoena seeking his deposition be quashed, or alternatively, modified as requested herein, and that the date for his non-party deposition be set to occur between May 1, 2022 and May 15, 2022.

DATED: January 18, 2022

BROWN RUDNICK, LLP

By: <u>/s/ Sigmund Wissner-Gross</u>
Sigmund S. Wissner-Gross, NYBA 1891753

Brown Rudnick LLP
7 Times Square
New York, New York 10036
Telephone: 212-209-4930
E-Mail: swissnergross@brownudnick.com

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 17 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 17 of 19

Steven A. Best
Brown Rudnick LLP
601 13th St NW #600,
Washington, DC 20005
Telephone: 202-536-1737
E-Mail: sbest@brownrudnick.com

*Attorneys for Non-Party Witness Morgan D. Neff*

I certify that on January 18, 2022, a copy of
The foregoing was served electronically on:

Brewster H. Jamieson
Lane Powell, LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3303
E-Mail: jaimesonb@lanepowell.com

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 18 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 18 of 19

## TABLE OF EXHIBITS

| Exhibit A | Copy of the transcript of the February 15, 2019 examination of Mr. Neff in the action brought by Calfrac Well Services, Ltd. ("Calfrac"), against Wilks Brothers, LLC in Court of Queen's Bench of Alberta Action No. 1891-07588 ("Canadian Action") |
|---|---|
| Exhibit B | May 6, 2019 "Endorsement Decision" issued by the Alberta Court in the Canadian Action |
| Exhibit C | Consent Order, filed on November 4, 2021 in the Canadian Action setting forth a party deposition schedule in the Canadian Action |
| Exhibit D | Calfrac's application to the Alberta Court, in relevant part, to take the non-party deposition of Mr. Neff |
| Exhibit E | Order of the Alberta Court, filed on November 10, 2021 requesting, in relevant part, assistance of an Assisting Court in Texas or Alaska |
| Exhibit F | Draft Stipulation and Proposed Order proposed by counsel for Mr. Neff to counsel for Calfrac on January 11, 2022 |

Memorandum of Law of Non-Party Witness Morgan D. Neff in Support of Motion to Quash, or Modify, Subpoena
*Calfrac Well Services, Ltd. v. Wilks Brothers, LLC*, Case No. 3:21-mc-000032-TMB
Page 19 of 19

Case 3:21-mc-00032-TMB   Document 10-1   Filed 01/18/22   Page 19 of 19